HOOD, Judge
(dissenting).
I respectfully dissent from the refusal of the majority to grant a rehearing in this case. I think the majority seriously erred in reversing the special finding of the jury that J. Lynn Coe was negligent, and in permitting him to recover damages against Mrs. Rowe.
Actually, there is a serious question in my mind as to whether Mrs. Rowe was negligent at all. The majority was found, however, that the lights on her car were not burning at the time the accident occurred. The evidence does not convince me that her lights were out, but I am yielding to the finding of the majority on that factual issue and thus I will concur in the finding that she was negligent.
In my opinion, however, the evidence establishes beyond question that Mr. Coe was grossly negligent in failing to see the disabled Rowe automobile on the shoulder of the road ahead of him, and in running into the rear of that vehicle. As shown in our original opinion, the disabled Rowe automobile was parked on the shoulder of the road as near to the ditch as it was pdssible for the driver to park it, leaving but a few inches of her car in the roadway. Two passengers in the Rowe car walked down *44 the highway in the direction of the approaching Coe vehicle, and tried to warn him by flagging him down. Coe saw these two people trying to flag him down, but he did not reduce his speed and, as noted in our original opinion, he forced them to “move hurriedly from his path.” He then continued to drive at a high rate of speed until he collided with the rear of the Rowe automobile.
In our original opinion we specifically held that “Mr. Coe was negligent in not observing the Rowe vehicle before driving to within thirty feet therefrom.” I agree with that holding. But then, after finding that he was clearly negligent, we went on to hold, in effect, that he was not negligent because an automobile on the highway was an “unusual obstruction” which he was not bound to anticipate. And then, finally, we held that “while he was negligent in failing to observe plaintiff’s vehicle before he did, this negligence was not proved to be a cause in fact of the accident.”
I think these findings are inconsistent. I am convinced that Mr. Coe was grossly negligent, that his negligence was a proximate and contributing cause of the accident, and that the judgment of the trial court should be affirmed.
For these reasons I feel that my brothers who constitute a majority of the court have erred in refusing to grant a rehearing.
Rehearing denied.